IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| BRANDON DUANE JOHNSON,<br><br>Petitioner,<br><br>vs.<br><br>CAPTAIN BODINE; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | CV-20-102-BLG-BMM-TJC<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED MAGISTRATE JUDGE |

This case comes before the Court on a petition filed by state pro se petitioner Brandon Duane Johnson, seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. 1.) Johnson is currently incarcerated at the Yellowstone County Detention Facility (YCDF) and seeks relief from his pretrial detention, asserting that he has been denied a bail reduction hearing.

The Court is required to screen all actions brought by prisoners who seek relief. 28 U.S.C. § 1915(a). The Court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally frivolous or fails to state a basis upon which relief may be granted. 28 U.S.C. § 1915A(b)(1), (2). As explained herein, because Johnson's petition is unexhausted, it should be dismissed.

1

## I. Motion to Proceed in Forma Pauperis

Johnson seeks leave of the Court to proceed in forma pauperis. (Doc. 2). After reviewing his prisoner trust fund account statement, (Doc. 4), it appears Johnson has sufficiently shown he cannot afford to pay all costs that may be associated with this action. The motion to proceed in forma pauperis will be granted.

## II. Johnson's Federal Habeas Petition

Johnson is a pretrial detainee awaiting sentencing on a Yellowstone County criminal matter, DC-19-913. (Doc. 1 at 2.) Johnson asserts he has been held on this charge since January 29, 2020, and has been repeatedly denied a bond reduction hearing, despite multiple requests for a hearing. *Id*. at 4. Johnson claims this is a violation of his Eighth Amendment right to be free of excessive bail. He asks this Court to order his release in Cause No. DC-19-917. *Id*. at 7.

But a review of the Yellowstone County Jail Roster indicates that not only is Johnson being held in custody on DC-19-913 for one felony charge of Partner/Family Member Assault (PFMA) and one misdemeanor charge of PFMA, he is also being held on probation violations in Cause Nos. DC-17-946 and DC-17-233.[1] Additionally, Johnsons appears to have two more recent charges in Cause

---

[1] See, Yellowstone County Jail Roster: https://www.co.yellowstone.mt.gov/sheriff/detention/inmatesearch.asp (accessed September 29, 2020).

No. DC-20-04, for felony PFMA and Tampering with Witnesses/Informants.[2] It appears that no bond has been set on the most recent charges. Additionally, in his petition Johnsons acknowledges his bond reduction claim has not presented to the Montana Supreme Court for consideration. See, (Doc. 1 at 3-4.)

A state prisoner must exhaust his state court remedies before petitioning for a writ of habeas corpus in federal court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). "The exhaustion-of-state-remedies doctrine, now codified at 28 U.S.C. §§ 2254(b) and (c), reflects a policy of federal-state comity, an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citation omitted).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A), through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d

---

[2] See also: https://www.co.yellowstone.mt.gov/sheriff/detention/inmatesearch.asp

1005, 1009 (9th Cir. 2008); and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies," *id*. *See also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). A petitioner must meet all three prongs of the test in one proceeding. "Mere 'general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial,' do not establish exhaustion." *Castillo v. McFadden*, 399 F. 3d 993, 999, cert. denied, 546 U.S. 818 (2005).

In the present case, the Montana Supreme Court has not yet considered the claim Johnson seeks to advance. While this Court is not commenting on the potential merit and/or cognizability of the claim, before Johnson can file a federal habeas petition, he must give the state courts one full opportunity to review his constitutional claim. *O'Sullivan*, 526 U.S. at 845. Because Johnson has not yet exhausted his available state court remedies, this Court cannot review the claim. *See Rose v. Lundy*, 455 U.S. 509 (1982). Dismissal should be **without prejudice**, allowing Johnson to return to this Court if and when he fully exhausts the claims relative to his current custody.

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes

a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Johnson has not yet made a substantial showing that he was deprived of a constitutional right. Further, because his petition is unexhausted, reasonable jurists would find no basis to encourage further proceedings. There are no close questions and there is no reason to encourage further proceedings in this Court. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

## ORDER

Johnson's motion to proceed in forma pauperis, (Doc. 2) is GRANTED. The Clerk of Court is directed to waive payment of the filing fee.

## RECOMMENDATION

1. Johnson's Petition (Doc. 1) should be DISMISSED without prejudice as

unexhausted.

2. The Clerk of Court should be directed to enter judgment of dismissal.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Johnson may object to this Findings and Recommendation within 14 days.[3] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Johnson must immediately notify the Court of any change in his mailing address.</u>  Failure to do so may result in dismissal of his case without notice to him.

DATED this 5th day of October, 2020.

>             */s/ Timothy J. Cavan*
>             Timothy J. Cavan
>             United States Magistrate Judge

---

[3] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Johnson is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.